**Lula R. HENDERSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**Appeal No. 83–1139.**

United States Court of Appeals, Federal Circuit.

Dec. 21, 1983.

---

**120**

Mitchell G. Lattof, Jr., Mobile, Ala., for petitioner.

Robert A. Reutershan, Washington, D.C., for respondent.

Before MARKEY, Chief Judge, and FRIEDMAN and NIES, Circuit Judges.

## ORDER

NIES, Circuit Judge.

The Office of Personnel Management has moved to dismiss this appeal by Lula R. Henderson (petitioner) for lack of subject matter jurisdiction, in view of this court's decision in *Lindahl v. OPM*, 718 F.2d 391 (Fed.Cir.1983). Petitioner's appeal here is from a decision of the Merit Systems Protection Board (MSPB) affirming OPM's de-

nial of petitioner's application for civil service physical disability retirement benefits on the ground that the evidence did not establish that petitioner was totally disabled.

In *Lindahl,* this court, sitting *in banc,* addressed the question of whether the provisions of 5 U.S.C. § 8347(c) * precluded our review of an MSPB decision affirming OPM's denial of a voluntary disability retirement claim. In concluding that such cases were not within our jurisdiction, the majority opinion forcefully declared:

> The so-called "finality clause" in [5 U.S.C.] § 8347(c) states unequivocally and unambiguously that administrative decisions on questions of disability "are final and conclusive and are not subject to review." It is difficult to conceive of a more clear-cut statement of congressional intent to preclude review.

718 F.2d at 393.

Petitioner seeks to avoid the holding in *Lindahl* on either of two factual bases (1) petitioner's claim is *de jure* involuntary, or (2) petitioner's claim should be deemed one involving mental disability in part.

█ As to the first, petitioner argues that the *Lindahl* ruling is restricted solely to physical disability claims which are voluntary. Petitioner does not, however, set forth any legal reason for the application of a rule different from *Lindahl* for involuntary claims, and we find petitioner's attempt to distinguish *Lindahl* unavailing.

In *Lindahl,* it is correct that the subject claim had been made voluntarily, but that fact was not pivotal, as it could not be. The critical language of 5 U.S.C. § 8347(c) makes no distinction between voluntary and involuntary claims based on physical disability. Thus, the principle in *Lindahl* remains applicable. This court does not have jurisdiction to review decisions of the

---

* 5 U.S.C. § 8347(c) reads in pertinent part:
  The Office shall determine questions of disability and dependency arising under this subchapter. Except to the extent provided under subsection (d) of this section, [re re-

  view by MSPB] *the decisions of the Office concerning these matters are final and conclusive and are not subject to review.* [Emphasis added.]

MSPB on physical disability claims which are involuntary.

Secondly, petitioner asserts that her "disability is actually of mental nature in whole or in part" and that *"Lindahl* and § 8347(d) suggest ... mental disabilities are reviewable." The basis for deeming the claim to be based on mental disability is that since petitioner lost on her assertion of being physically disabled, her complaint of distress and pain must be due to mental disability. Petitioner did not assert mental disability as the basis for claiming benefits before OPM.

If we were to accept that petitioner's claim is based on mental disability, § 8347(d)(2) sets forth the requirements for judicial review:

> In the case of any individual found by the Office to be disabled in whole or in part on the basis of the individual's mental condition, and that finding was made pursuant to an application by an agency for purposes of disability retirement under section 8337(a) of this title, the procedures under section 7701 of this title shall apply and the decision of the Board shall be subject to judicial review under section 7703 of this title.

The key provision of our jurisdiction under § 8347(d)(2) is that the claim must be based on "an application by an agency." Since the facts of the instant appeal do not satisfy *inter alia* this requirement of § 8347(d)(2), there is no jurisdictional basis for the appeal.

Alternatively, petitioner argues that *Lindahl* has resulted in making the question of whether the disability was physical or mental a much more crucial one and the case should be remanded for a factual finding on whether petitioner was lying or exaggerating her complaints.

We disagree that *Lindahl* affected the basis for a disability claim or changed the law at the OPM or MSPB level. *Lindahl* merely defined the jurisdiction of this court to review claims and had no effect on what grounds could or should have been asserted.

Accordingly, IT IS ORDERED THAT:

Respondent's motion to dismiss this appeal is GRANTED, and the appeal is dismissed for lack of jurisdiction.